1  ARNOLD H. WUHRMAN, State Bar #167183
   SERENITY LEGAL SERVICES, P.C.
2  41667 Ivy Street, Suite F-6
   Murrieta, CA 92562
3  Telephone:  (951) 304-3720
   Facsimile:  (951) 848-9340
4
   Attorney for Angela Coppola, f/k/a
5  Angela Caserma, Defendant-Debtor

6              UNITED STATES BANKRUPTCY COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8                    Riverside Division

9
   In re                          )    Chapter 7
10                                 )
   ANGELA MARIA CASERMA,           )     Case No. 6:15-bk-15903-SY
11                                 )
              Debtor.              )    Adv. Proc. No. _____
12  _____ )
                                   )    **NOTICE OF REMOVAL OF STATE**
13  JOHN CASERMA,                  )    **COURT LITIGATION TO UNITED**
                                   )    **STATES BANKRUPTCY COURT FOR**
14             Plaintiff,          )    **THE CENTRAL DISTRICT OF**
                                   )    **CALIFORNIA (28 U.S.C. §1452(a) AND**
15   v.                            )    **F.R.BANKR.P. 9027)**
                                   )
16  SHAUNA GRAMMATICO, GUISEPPE    )    Status Conference:
    GRAMMATICO, ANGELA CASERMA,    )    Date:  [To be set by the Court]
17  EPIC ENTERTAINMENT GROUP, INC.,)    Time:  [To be set by the Court]
    G3ANDME, INC. and DOES 1-20.   )    Ctrm:  302, 3rd Floor
18                                 )           3420 Twelfth Street
              Defendants.          )           Riverside, CA 92501
19  _____ )

20  **TO ALL PARTIES TO THIS LITIGATION:**

21      YOU ARE HEREBY NOTIFIED THAT, pursuant to 28 U.S.C. §§1334(b) and 1452(a), and

22  F.R.Bankr.P. 9027, defendant Angela Coppola, f/k/a Angela Caserma, defendant herein and debtor

23  in the above-noted bankruptcy case ("Defendant-Debtor"), hereby removes the above-captioned

24  litigation to the United States Bankruptcy Court for the Central District of California, Riverside

25  Division (the "Bankruptcy Court").  Plaintiff is entitled to remove this litigation to the Bankruptcy

26  Court because it is a related to the Defendant-Debtor's bankruptcy case, because Defendant-Debtor

27  maintains that the claims brought against her in this litigation were discharged in the above-

28  captioned bankruptcy case (the "Bankruptcy Case").  The removed litigation is, therefore, a "core"

proceeding and in part a non-core "related proceeding," as those terms are used in 28 U.S.C. §157,

because it involves questions concerning the disability of the claims against Defendant-Debtor's and

the adjustment of the debtor-creditor relationship between plaintiff and Debtor-Defendant (see, §

157(b)(2)(I) and (O). Although Defendant-Debtor maintains that this entire litigation, insofar as it

relates to her, is a core proceeding, Defendant-Debtor also consents to the entry of final judgment

herein by the United States Bankruptcy Judge who hears the case in the event that the litigation is

hereafter determined *not* to be a core proceeding.

In accordance with F.R.Bankr.P. 9027(a)(1), the undersigned counsel has attached hereto the

following documents, which he understands to be all of the pleadings and process filed in this matter

to date, as well as certain other documents of which, counsel believes, the Court should be made

aware:

| Attachment Number | Date Filed in State Court | Description of Document |
|---|---|---|
| 1 | N/A | Court Docket |
| 2 | 10/22/2015 | Summons |
| 3 | 10/22/2015 | Complaint |
| 4 | 10/22/2015 | Certificate of Counsel |
| 5 | 10/22/2015 | Notice of Department Assignment and Case Management Conference |
| 6 | 12/31/2015 | Proof of Service of Summons |
| 7 | 01/13/2016 | Answer and Affirmative Defense of Defendant Angela Coppola, Erroneously Sued As Angela Caserma |

Dated: January 13, 2016                    SERENITY LEGAL SERVICES, P.C.


By:    */s/ Arnold H. Wuhrman*
          Arnold H. Wuhrman, Attorney for
          Angela Coppola, f/k/a Angela
          Caserma, Defendant-Debtor

MCC1500438 Case Report - Riverside Civil & Small Claims                    http://public-access.riverside.courts.ca.gov/OpenAccess/Civil/CivilCase...

# RIVERSIDE SUPERIOR COURT

## P U B L I C   A C C E S S

## Case Report

📷 **Camera indicates that a document may be purchased.**
**View Document Fee Schedule**

**1** **First Page icon indicates you can view the first page of a Complaint for free.**

<u>Send me an email when this case is updated (click here)</u> 

---

Print This Report

Close This Window

### Case MCC1500438 - CASERMA VS GRAMMATICO

### Case MCC1500438 - Complaints/Parties

**Complaint Number:** 0001 — CMP Complaint of JOHN CASERMA
**Original Filing Date:** 10/21/2015
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | JOHN CASERMA | THE ALVARADO LAW FIRM | First Paper Fee Paid |
| 2 | Defendant | SHAUNA GRAMMATICO | Unrepresented | Serve Required (WaitS) |
| 3 | Defendant | GUISEPPE GRAMMATICO | Unrepresented | Serve Required (WaitS) |
| 4 | Defendant | ANGELA CASERMA | Unrepresented | Served 12/14/2015 |
| 5 | Defendant | EPIC ENTERTAINMENTGROUPINC. | Unrepresented | Serve Required (WaitS) |
| 6 | Defendant | G3ANDME,INC | Unrepresented | Serve Required (WaitS) |

### Case MCC1500438 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 04/19/2016 8:30 AM DEPT. S303 | CASE MANAGEMENT CONFERENCE HEARING | | |
| | 12/31/2015 | FAX FILING BY JOHN CASERMA ($1.50 PER PAGE). | Not Applicable | |

**EXHIBIT 1 -- PAGE 3**

1/13/2016 11:47 AM

MCC1500438 Case Report - Riverside Civil & Small Claims          http://public-access.riverside.courts.ca.gov/OpenAccess/Civil/CivilCase...

| | | | | |
|---|---|---|---|---|
| **Minutes** | Print Minute Order | | | |
| | Receipt: 151231-0108 | $3.00 | | |
| N | 12/31/2015 | PROOF OF SERVICE ON THE COMPLAINT FILED 10/21/2015 OF JOHN CASERMA SERVED ON ANGELA CASERMA WITH SERVICE DATE OF 12/14/15 FILED.(PERSONAL SERVICE) | Not Applicable | |
| | 10/22/2015 | FIRST APPEARANCE FEE PAID BY JOHN CASERMA | Not Applicable | |
| **Minutes** | Print Minute Order | | | |
| | Receipt: 151022-0075 | $450.00 | | |
| N | 10/22/2015 | SUMMONS ISSUED AND FILED. | Not Applicable | |
| N | 10/22/2015 | CERTIFICATE OF COUNSEL FILED. THE ZIP CODE IS 92563. | Not Applicable | |
| N | 10/22/2015 | COMPLAINT FILED FAST TRACK. (SOUTHWEST) | Not Applicable | 1 |
| | 10/22/2015 | CASE ASSIGNED TO DEPARTMENT S303. (SOUTHWEST) | | |

### Case MCC1500438 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 04/19/2016 8:30 AM DEPT. S303 | CASE MANAGEMENT CONFERENCE HEARING | | |

Print This Report

Close This Window

Riverside Public Access 5.7.23 © 2016 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

1/13/2016 11:47 AM

**EXHIBIT 1 -- PAGE 4**

Oct 21 15 07:07a   Alvarado Law Firm   9513329626   p.5

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHAUNA GRAMMATICO, GUISEPPE GRAMMATICO, ANGELA
CASERMA, EPIC ENTERTAINMENT GROUP INC., G3ANDME,
INC. AND DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN CASERMA

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 2 2 2015

C Lopez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court, SW Justice<br>30775-D Auld Street, Murrieta, CA 92563 | CASE NUMBER *(Número del Caso):* M C C 1 5 0 0 4 3 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mario Alvarado, SBN 167860, 29970 Technology Dr. #117F, Murrieta, CA 92563

| | | | |
|---|---|---|---|
| DATE: OCT 2 2 2015 *(Fecha)* | Clerk, by *(Secretario)* C LOPEZ | , Deputy *(Adjunto)* | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 2 -- PAGE 5**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 2 2 2015

C Lopez

1  Mario Alvarado, Esq. SBN: 167860
   THE ALVARADO LAW FIRM
2  29970 Technology Drive, Suite 117F
   Murrieta, CA 92563
3  (951) 541-2506
   Facsimile: (951) 332-9626

4  Attorney for Plaintiff
   JOHN CASERMA
5

6          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
               IN AND FOR THE COUNTY OF RIVERSIDE
7

8

9  JOHN CASERMA                        ) Case No. M C C 1 5 0 0 4 3 8
                                        )
10          Plaintiff,                  ) COMPLAINT FOR DAMAGES
                                        )
11     v.                              ) 1.  Breach of Contract
                                        )
12                                      ) 2.  Breach of Covenant of Good
   SHAUNA GRAMMATICO, GUISEPPE          )     Faith and Fair Dealing
13 GRAMMATICO, ANGELA CASERMA,          )
   EPIC ENTERTAINMENT GROUP INC.,       ) 3.  Fraud
14 G3ANDME, INC. and DOES 1-20,         )
                                        ) 4.  Negligent Misrepresentation
15                                      )
                                        ) 5.  Suppression of Fact
16          Defendants.                 )
                                        ) 6.  Conversion
17 _____)
                                          7.  Breach of Fiduciary Duty
18

19

20

21        Comes now Plaintiff John Caserma who complains and alleges as follows

22 against the various Defendants named below:

23                        GENERAL ALLEGATIONS

24 1.      Plaintiff John Caserma ("Caserma") is, and at all times mentioned herein was, an

25 individual residing in Murrieta, in the County of Riverside, California.

26 2.      Plaintiff Caserma is informed and believes that Defendant Shauna Grammatico

27 ("S. Grammatico") is, and all times mentioned herein, was an individual residing in

28 Murrieta, in the County of Riverside, California.

                                        1
                                    COMPLAINT

EXHIBIT 3 -- PAGE 6

3.    Plaintiff Caserma is informed and believes that Defendant Guiseppe Grammatico ("G. Grammatico") is, and all times mentioned herein, was an individual residing in Murrieta, in the County of Riverside, California.

4.    Plaintiff Caserma is informed and believes that Defendant Angela Caserma ("A. Caserma") is, and all times mentioned herein, was an individual residing in Murrieta, in the County of Riverside, California.

5.    Plaintiff Caserma is informed and believes that Defendant Epic Entertainment Group Inc. ("Epic Entertainment") is, and all times mentioned herein, was an California corporation organized under the laws of the State of California and doing business in Murrieta, in the County of Riverside, California.

6.    Plaintiff Caserma is informed and believes that Defendant G3ANDME, INC. ("G3ANDME, INC.") is, and all times mentioned herein, was an California corporation organized under the laws of the State of California and doing business in Murrieta, in the County of Riverside, California

7.    The true names and capacities, whether individual, corporate, associate or otherwise of other defendants sued herein as Does 1 through 20, inclusive and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of said Defendants designated as Does 1 through 20, proximately caused damage to the Plaintiff or are otherwise responsible for the acts complained of herein.  The Plaintiff will seek leave of this court to amend the Complaint when the true names and capacities of Does 1 through 20 are ascertained.

8.    Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, including the fictitiously named Defendants, were the agents, servants and employees of the Defendants, and in doing so or failing to do the acts mentioned herein were acting in the course and scope of their authority and with the permission and consent of their Defendants.

2

COMPLAINT

**EXHIBIT 3 -- PAGE 7**

9.    On or about the early part of 2012, Plaintiff and the individual Defendants began to discuss the formation of a company to assist in the development and operation of a roller skating rink.  Defendants and Plaintiff each represented to each other that they would work to establish this operation for the benefit of all parties and each would share in the profits of the operation.

10.    Although no stock was issued, Plaintiff and Defendants agreed that each would have an equal share in the business and each would contribute through capital and sweat equity.  Further, the Plaintiff and Defendant agreed to work together on all business decisions for the successful operation of the roller skating business.  To that end, the parties entered into a ten-year lease at a location in Murrieta for the operation of the roller skating rink.

11.    Sometime in late December 2013, the Defendants decided to usurp the business through nefarious and secret business agreements without the knowledge of Plaintiff. In fact, the Defendants worked together to oust Plaintiff and deny him his fair share of the roller skating rink business.

12.    By January, 2013, Defendants had hired counsel, unknown to Plaintiff, who presented Plaintiff with documents regarding the dissolution of the original company. Unbeknownst to Plaintiff, Defendants had already begun to establish a new company to r6un the business, without Plaintiff.

13.    Prior to the usurping of the business, Plaintiff had been an integral part of the company, providing valuable advice regarding all aspects of the business including signage, advertising and the development of the entire business plan presented to financial investors.  In fact, Plaintiff was an integral member of the group in obtaining investors.

14.    Plaintiff's contribution was the key to the success of the business, as well as to the development of goodwill and future profits.

3

COMPLAINT

**EXHIBIT 3 -- PAGE 8**

15.    Plaintiff later learned and believes that the Defendants conspired to remove him from the company so that he would not be able to share in the future profits of what would certainly be a successful venture.

16.    The sum result of Defendants' actions was to make it impossible for Plaintiff to realize his share of profits and to benefit from the fruits of his labor.

FIRST CAUSE OF ACTION

Breach of Contract

17.    Plaintiff incorporates by reference Paragraphs 1 through 16 of the General Allegations as if the same had been set forth at length herein.

18.    As indicated above, on or about early 2012, Defendants and Plaintiff agreed to work together in good faith to form a business and establish a company which would successfully market a roller skating rink in Murrieta. Defendants would later formalize this agreement by the establishment of a corporation and the issuance of stock. Plaintiff was never delivered this stock and was kept in the dark as to the corporate formation. Therefore, Plaintiff never the saw documents which formalized this agreement. Plaintiff was unaware of these corporate dealings until only recently.

19.    Plaintiff honored his part of the bargain, providing significant sweat equity through 2013. Only later did Plaintiff learn of the breach of Defendants regarding the agreement to work in good faith and properly organize the business.

20.    Shortly following the entering of a ten-year lease, Plaintiff learned that Defendants intended to oust him from the company without his knowledge or consent. Defendants manipulated Plaintiff by not informing him as to the corporate dealings of the company which was to belong to him in equal shares of all parties.

21.    The sum result of Defendants' actions was to make it impossible for Plaintiff to realize the benefits of his agreement with Defendants.

22.    Plaintiff has performed all conditions, covenants and promises required by him to be performed in accordance with the terms and conditions of the contract agreement referenced above.

4

COMPLAINT

EXHIBIT 3 -- PAGE 9

23.    As a result of Defendants' breach, Plaintiff was damaged in a dollar figure yet to be determined.

## SECOND CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

24.    Plaintiff incorporates by reference Paragraphs 1 through 15 of the General Allegations inclusive, Paragraphs 18 through 22, of the First Cause of Action inclusive, as if the same had been set forth at length herein.

25.    Defendants breached their agreement to, in good faith, properly perform under the contract by performing the following acts:

    (1) Attempting to obtain for themselves the profit and business to which Plaintiff contributed his information, know-how and sweat equity;

    (2) Attempting to obtain for themselves the business promised to Plaintiff by making it impossible for Plaintiff to participate in and conduct a successful business;

    (3) Failing to provide proper accountings and financial statements for the company;

    (4) Failing to inform Plaintiff of the corporate dealings necessary to obtain his proper share of the business;

26.    As a direct and proximate result of the Defendants failure to act in good faith in the operations of the business, Plaintiff has suffered damages, including, but not limited to, lost profit, lost interest in the business, and other related costs, all due to the actions of Defendants.

## THIRD CAUSE OF ACTION
### Fraud

27.    Plaintiff incorporates by reference Paragraphs 1 through 15 of the General Allegations inclusive, Paragraphs 18 through 22, of the First Cause of Action inclusive,

5

COMPLAINT

EXHIBIT 3 -- PAGE 10

1   as if the same had been set forth at length herein, Paragraphs 25, of the Second Cause

2   of Action inclusive, as if the same had been set forth at length herein.

3   28.    On or about early 2012, Plaintiff began discussions and negotiating with

4   Defendants for the establishment of a roller skating business in Murrieta. Defendants

5   repeatedly represented to Plaintiff that they would work together in good faith for the

6   successful operation of the roller skating establishment. Defendants further

7   represented that the value and goodwill of the business was extremely high and had

8   sufficient customer base to provide Plaintiff, as well as Defendants, with a viable and

9   profitable business. Based upon these representations, Plaintiff agreed to work in good

10  faith, and provided valuable time, effort and sweat equity into the establishment of the

11  roller skating business.

12  29.    On or about the summer of 2012, the parties began to establish the necessary

13  elements to open the business, including the selection of a site, entering into a lease

14  agreement and providing all the elements for the establishment of a successful venture.

15  30.    Shortly following the entering into the lease agreement for the establishment of

16  the roller skating establishment, Plaintiff was shut out of the business. Apparently,

17  Defendants had conspired to use Plaintiff until such time as the business was a viable

18  establishment. When Defendants learned that the roller skating business was to be a

19  highly successful venture, they worked to shut out Plaintiff. The original corporation

20  was closed and  a new corporation, unknown to Plaintiff, was formed. In 2013, for the

21  first time, Plaintiff learned that Defendants' representations were false.

22  31.    Plaintiff also learned that Defendants had reached an agreement to exclude him

23  from the business operations.

24  32.    The sum result of Defendants' actions made it impossible for Plaintiff to realize

25  the fruits of  his efforts.

26  33.    Defendants knew when they made the representations to Plaintiff regarding the

27  business, that said representations were untrue and that Defendants made the

28

EXHIBIT 3 -- PAGE 11

1  representations with the intent to deceive Plaintiff and induce Plaintiff to participate in
2  the business only to remove him once the business was established.
3  34.    Plaintiff believed the representations of Defendants to be true at the time of the
4  establishment of the roller skating business, and in reliance on this representation,
5  Plaintiff was induced into assisting in the development of the business.  Plaintiff would
6  not have assisted and joined in the corporation if Plaintiff had not relied on Defendants'
7  representations.
8  35.    Defendants acted herein alleged oppressively and maliciously, and therefore,
9  Plaintiff is entitled to punitive or exemplary damages.

10                         FOURTH CAUSE OF ACTION
11                          Negligent Misrepresentation
12  36.    Plaintiff incorporates by reference Paragraphs 1 through 15 of the General
13  Allegations, Paragraphs 18 through 22, inclusive of the First Cause of Action as if the
14  same had been set forth at length herein, Paragraphs 25, inclusive of the Second
15  Cause of Action as if the same had been set forth at length herein, Paragraphs 28
16  through 34, inclusive of the Third Cause of Action as if the same had been set forth at
17  length herein.
18  37.    Defendants, when they made representations to Plaintiff described above, had
19  no reasonable ground for believing that said representations were true and Defendants
20  made the representations with the intent to induce Plaintiff to participate in the business
21  venture referenced above.
22  38.    As a direct and proximate result of the Defendants failure to act in good faith,
23  Plaintiff has suffered damages, all due to the actions of Defendant.
24
25                          FIFTH CAUSE OF ACTION
26                            Suppression of Fact
27  39.    Plaintiff incorporates by reference Paragraphs 1 through 15 of the General
28  Allegations, Paragraphs 18 through 22, inclusive of the First Cause of Action as if the

7

COMPLAINT

**EXHIBIT 3 -- PAGE 12**

same had been set forth at length herein, Paragraphs 25, inclusive of the Second

Cause of Action as if the same had been set forth at length herein, Paragraphs 28

through 34, inclusive of the Third Cause of Action as if the same had been set forth at

length herein, Paragraphs 37 of the Fourth Cause of Action as if the same had been set

forth at length herein.

40.     During the negotiation period for the establishment of the roller skating business,

Defendants represented to Plaintiff that they would work in good faith to establish the

business for the benefit of all parties.

41.     Defendant made the false sales representations and the suppression of

information with the intent to induce Plaintiff to act in the manner herein alleged in

reliance thereon, and with the intent to prevent Plaintiff to further inquire into the true

and correct plan of the Defendants to usurp and take Plaintiff's fair share of the

business.

42.     Defendants did the things herein alleged oppressively and maliciously, and

Plaintiff is entitled to punitive or exemplary damages.

SIXTH CAUSE OF ACTION

Conversion

43.     Plaintiff incorporates by reference Paragraphs 1 through 15 of the General

Allegations, Paragraphs 18 through 22, inclusive of the First Cause of Action,

Paragraphs 25 of the Second Cause of Action, Paragraphs 28 through 34 of the Third

Cause of Action, Paragraph 37 of the Fourth Cause of Action, and Paragraphs 40

through 41 of the Fifth Cause of Action, as if the same had been set forth at length

herein.

44.     On or about the time frame of January 2013 through the present, Defendant

undertook to take Plaintiff's business interests from him.  The exact amount taken by

Defendant from Plaintiff is unknown at this time.

8
COMPLAINT

EXHIBIT 3 -- PAGE 13

45.   At the time of the above-noted conversion, Plaintiff had ownership, possession,
and the right to possession of the fair share of the business.

46.   Plaintiff did not give consent to Defendants for Defendants to withhold and keep
the share of the business belonging to Plaintiff.

47.   Plaintiff has suffered harm due to the conversion and continues to suffer harm
due to the unlawful conversion by Defendants.

48.   Plaintiff was damaged by this action in an amount uncertain at this time, but in an
amount in excess of this Court's jurisdiction.

SEVENTH CAUSE OF ACTION

Breach of Fiduciary Duty

49.   Plaintiff incorporates by reference Paragraphs 1 through 15 of the General
Allegations, Paragraphs 18 through 22, inclusive of the First Cause of Action,
Paragraphs 25 of the Second Cause of Action, Paragraphs 28 through 34 of the Third
Cause of Action, Paragraph 37 of the Fourth Cause of Action, Paragraphs 40 through
41 of the Fifth Cause of Action, Paragraphs 44 through 46 of the Sixth Cause of Action
as if the same had been set forth at length herein.

50.   On or about the time frame of January 2013 through the present, Defendants
served as officers of Epic Entertainment Group Inc. and various other corporations
formed, which were unknown to Plaintiff.

51.   Plaintiff was unaware of the various corporate machinations of Defendants.  Still,
Defendants had a duty to Plaintiff to act in the best interests of all parties to the various
corporations and not to his detriment.  The Defendants had unique and special
information regarding the corporation which were unknown to Plaintiff.   Defendants

9

COMPLAINT

**EXHIBIT 3 -- PAGE 14**

breached that duty by performing the following acts, including those described above as follows:

    (1) Attempting to obtain for themselves the profit and business to which Plaintiff contributed his information, know-how and sweat equity;

    (2) Attempting to obtain for themselves the business promised to Plaintiff by making it impossible for Plaintiff to participate in and conduct a successful business;

    (3) Failing to provide proper accountings and financial statements for the company;

    (4) Failing to inform Plaintiff of the corporate dealings necessary to his proper share of the business.

52.    The above-described actions of Defendants were inconsistent with and in violation of their fiduciary duty to Plaintiff.

53.    As a direct and proximate result of the Defendants breach of fiduciary duty, the Plaintiff has suffered damages, including but not limited to incurring costs and hiring legal counsel to assist in dealing with the problems caused by Defendants' actions.

54.    Plaintiff was damaged by this action in an amount uncertain at this time, but in an amount in excess of this Court's jurisdiction

## PRAYER

WHEREFORE, Plaintiff Caserma prays for judgment against Defendants, and each of them, as follows:

### FOR THE FIRST CAUSE OF ACTION

1.    For general damages, together with special, consequential and compensatory damages according to proof at the time of trial in an amount of at least $500,000;

10

COMPLAINT



**EXHIBIT 3 -- PAGE 15**

1   2.  For punitive damages;

2   3.  For costs of suit, incurred herein, including reasonable attorneys fees; and

3   4.  For such other, further and different relief as the Court may deem appropriate.

4

5           FOR THE SECOND CAUSE OF ACTION

6   1.  For general damages, together with special, consequential and compensatory

7       damages according to proof at the time of trial in an amount of at least

8       $500,000;

9   2.  For punitive damages;

10  3.  For costs of suit, incurred herein, including reasonable attorneys fees; and

11  4.  For such other, further and different relief as the Court may deem appropriate.

12          FOR THE THIRD CAUSE OF ACTION

13  1.  For general damages, together with special, consequential and compensatory

14      damages according to proof at the time of trial in an amount of at least

15      $500,000;

16  2.  For punitive damages;

17  3.  For costs of suit, incurred herein, including reasonable attorneys fees; and

18  4.  For such other, further and different relief as the Court may deem appropriate.

19          FOR THE FOURTH CAUSE OF ACTION

20  1.  For general damages, together with special, consequential and compensatory

21      damages according to proof at the time of trial in an amount of at least

22      $500,000;

23  2.  For punitive damages;

24  3.  For costs of suit, incurred herein, including reasonable attorneys fees; and

25  4.  For such other, further and different relief as the Court may deem appropriate.

26

27

28

11

COMPLAINT

EXHIBIT 3 -- PAGE 16

FOR THE FIFTH CAUSE OF ACTION

1. For general damages, together with special, consequential and compensatory damages according to proof at the time of trial in an amount of at least $500,000;

2. For costs of suit, incurred herein, including reasonable attorneys fees; and

3. For such other, further and different relief as the Court may deem appropriate.

FOR THE SIXTH CAUSE OF ACTION

1. For general damages, together with special, consequential and compensatory damages according to proof at the time of trial in an amount of at least $500,000;

2. For attorney's fees and costs of suit herein; and

3. For such other, further and different relief as the Court may deem appropriate.

FOR THE SEVENTH CAUSE OF ACTION

1. For general damages, together with special, consequential and compensatory damages according to proof at the time of trial in an amount of at least $500,000;

2. For attorney's fees and costs of suit herein; and

3. For such other, further and different relief as the Court may deem appropriate.

Dated: October 1, 2015                    Respectfully Submitted,

THE ALVARADO LAW FIRM

By: Mario Alvarado
Attorney for Plaintiff
JOHN CASERMA

12

COMPLAINT



**EXHIBIT 3 -- PAGE 17**

Oct-21 15 07:05a     Alvarado Law Firm                                         9513329626                              p.2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mario Alvarado, SBN 167860<br>29970 Technology Drive #117F<br>Murrieta, CA 92563<br>TELEPHONE NO.: (951)541-2506     FAX NO.: (951)332-9626<br>ATTORNEY FOR (Name): Plaintiff John Caserma | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 30775-D Auld Street
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

CASE NAME:
John Caserma v. Shauna Grammatico, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited     [ ] Limited | [ ] Counter     [ ] Joinder | MCC1500438 |
| (Amount demanded exceeds $25,000)     (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/1/2015
Mario Alvarado
_____     _____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT 3 -- PAGE 18**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Page 2 of 2

**EXHIBIT 3 -- PAGE 19**

Oct-21-15 07:06a     Alvarado Law Firm                          9513329626                p.4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☑ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Mario Alvarado, SBN 167860
29970 Technology Dr. #117F
Murrieta, CA 92563

TELEPHONE NO. (951)541-2506    FAX NO. (Optional): (951)332-9626
E-MAIL ADDRESS (Optional): malvarado@thealvaradolawfirm.com
ATTORNEY FOR (Name): Plaintiff John Caserma

PLAINTIFF/PETITIONER: John Caserma

DEFENDANT/RESPONDENT: Shauna Grammatico, et al

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 2 2 2015

C Lopez

CASE NUMBER:
M C C 1 5 0 0 4 3 8

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☑  The action arose in the zip code of:        92563

☐  The action concerns real property located in the zip code of:

☐  The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  10/1/2015

Mario Alvarado
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/12]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

**EXHIBIT 4 -- PAGE 20**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA  92563
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)


CASERMA VS GRAMMATICO

CASE NO. MCC1500438

This case is assigned to the Honorable Judge Raquel A Marquez in Department S303 for all purposes.

The  Case Management Conference is scheduled for 04/19/16 at  8:30 in
Department  S303.


The  plaintiff/cross-complainant  shall  serve  a  copy  of  this  notice  on  all  defendants/cross-defendants  who
are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests  for  accommodations  can  be  made  by  submitting  Judicial  Council  form  MC-410 no  fewer  than
five court days before the hearing. See California Rules of Court, rule 1.100.


CERTIFICATE OF MAILING

I  certify  that  I  am  currently  employed  by  the  Superior  Court  of  California,  County  of  Riverside,  and  that  I
am  not  a  party  to  this  action  or  proceeding.   In  my  capacity,  I  am  familiar  with  the  practices  and
procedures  used  in  connection  with  the  mailing  of  correspondence.   Such  correspondence  is  deposited
in  the  outgoing  mail  of  the  Superior  Court.   Outgoing  mail  is  delivered  to  and  mailed  by  the  United  States
Postal  Service,  postage  prepaid,  the  same  day  in  the  ordinary  course  of  business.   I  certify  that  I  served
a  copy  of  the  foregoing  NOTICE  on  this  date,  by  depositing  said  copy  as  stated  above.


Court Executive Officer/Clerk

Date: 10/22/15                                     by: _____

,CHAUNTEE LOPEZ Deputy Clerk          **C LOPEZ**

CDACMC
1/28/14

**EXHIBIT 5 -- PAGE 21**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MARIO ALVARADO<br>THE ALVARADO LAW FIRM Esq. SBN:167860<br>29970 Technology Dr.. suite 117F<br>Murrieta, Ca. 92563<br>TELEPHONE NO.: 951-541-2506    FAX NO. *(Optional):* 951-332-9626<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Lauro C. Pena Jr. | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court Of California<br>County Of Riverside<br>12/31/2015<br>**M PLASENCIA**<br>**BY FAX** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 30755-D AULD RD.<br>MAILING ADDRESS: SAME AS ABOVE<br>CITY AND ZIP CODE: MURRIETA,CA.92563<br>BRANCH NAME: SOUTHWEST JUSTICE | |
| PLAINTIFF/PETITIONER: JOHN CASERMA<br><br>DEFENDANT/RESPONDENT: CRAMMATICO ET AL | CASE NUMBER:<br>MCC1500438 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of:
     a.   ☑  summons
     b.   ☑  complaint
     c.   ☑  Alternative Dispute Resolution (ADR) package
     d.   ☐  Civil Case Cover Sheet *(served in complex cases only)*
     e.   ☐  cross-complaint
     f.   ☑  other *(specify documents):* civil case mngmnt rules,certificate of council,notice of trial dept.assignment

3.   a.   Party served *(specify name of party as shown on documents served):*
          Angela Caserma

     b.   ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.   Address where the party was served:
     39406 Wentworth st. Murrieta, ca.
5.   I served the party *(check proper box)*
     a.   ☑  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date):* 12/14/15    (2) at *(time):* 1:10 PM
     b.   ☐  by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3):*

          (1) ☐  (business) a person at least 18 years of age apparently in charge at the office or usual place of business
               of the person to be served. I informed him or her of the general nature of the papers.
          (2) ☐  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
               place of abode of the party. I informed him or her of the general nature of the papers.
          (3) ☐  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed
               him or her of the general nature of the papers.
          (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
               at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
               *(date):*          from *(city):*          or ☐  a declaration of mailing is attached.
          (5) ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**EXHIBIT 6 -- PAGE 22**

| PLAINTIFF/PETITIONER: JOHN CASERMA | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: CRAMMATICO ET AL | MCC1500438 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☑ as the person sued under the fictitious name of *(specify):* Epic Entertainment Group, Inc. G3ANDME,INC.
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

|  |  |
| --- | --- |
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**
  a. Name: OSCAR FRANCO
  b. Address: 10369 SHOSHONE AVE. RIVERSIDE, CA.
  c. Telephone number: 951-977-9377
  d. The fee for service was: $40.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 1573
      (iii) County: RIVERSIDE

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/27/15

OSCAR FRANCO         ▶
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

**EXHIBIT 6 -- PAGE 23**

1    Arnold H. Wuhrman, State Bar No. 167183
   SERENITY LEGAL SERVICES, P.C.
2    41667 Ivy Street, Suite F-6
   Murrieta, CA 92562
3    Tel. 951-304-3720
   Fax 951-848-9340
4    E-mail: Wuhrman@SerenityLLS.com
   Attorney for Angela Coppola, erroneously
5    sued as Angela Caserma, Defendant

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 13 2016

M. Lopez

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OR RIVERSIDE

9         Mid-County Region – Southwest Justice Center at Murrieta

10   JOHN CASERMA,              )  Case No. MCC1500438
                           )
11                          )  **ANSWER AND AFFIRMATIVE**
            Plaintiff,     )  **DEFENSE OF DEFENDANT ANGELA**
12                          )  **COPPOLA, ERRONEOUSLY SUED AS**
                         )  **ANGELA CASERMA**
13      vs.                     )
                         )  Unlimited Civil Action
14                          )
                         )  Assigned for all purposes to Hon. Raquel A.
15   SHAUNA GRAMMATICO, GUISEPPE  )  Marquez, Dept. S303
   GRAMMATICO, ANGELA CASERMA,  )
16   EPIC ENTERTAINMENT GROUP, INC.,  )  Date Action Filed: October 22, 2015
   G3ANDME, INC., and DOES 1-20,    )
17                          )  <u>1st Case Management Conference:</u>
                         )  Date:  April 19, 2016
18                          )  Time:  8:30 a.m.
             Defendants.    )  Dept:  S303
19                          )           30755-D Auld Road
   ————————————————————)           Murrieta, CA 92563
20

21   **TO THE HONORABLE JUDGE OF THE SUPERIOR COURT:**

22        Defendant Angela Coppola, erroneously sued herein as Angela Caserma ("Defendant

23   Angela"), hereby responds to the *Complaint for Damages – 1. Breach of Contract, 2. Breach of*

24   *Covenant of Good Faith and Fair Dealing, 3. Fraud, 4. Negligent Misrepresentation, 5. Suppression*

25   *of Fact, 6. Conversion,* [and] *7. Breach of Fiduciary Duty* (the "Complaint"), filed by plaintiff John

26   Caserma ("Plaintiff"), as follows:

27

28   ————————————————————————————————————
     *Answer and Affirmative Defense of Defendant Angela Coppola, Erroneously Sued as Angela*
                                    *Caserma*
                                     1

**EXHIBIT 7 -- PAGE 24**

1       **ANSWER TO COMPLAINT**

2       1.      Pursuant to Cal Code Civ Proc § 431.30(d), Defendant Angela hereby generally

3   denies all material allegations of the Complaint.

4       **AFFIRMATIVE DEFENSE – DISCHARGE IN BANKRUPTCY**

5       2.      Pursuant to 11 U.S.C. §524, any and all claims of Plaintiff against Defendant Angela

6   have been discharged in the case under Chapter 7 of Title 11 of the United States Code filed by

7   Defendant Angela on June 11, 2015, and in which Defendant Angela received a discharge on

8   September 21, 2015 – Case No. 6:15-bk-15903-SY filed in the United States Bankruptcy Court for

9   the Central District of California.

10      WHEREFORE, Defendant Angela prays that:

11      1.      Plaintiff takes nothing by way of this action;

12      2.      This action be dismissed in all things;

13      3.      Defendant Angela be awarded her costs of defending this action; and

14      4.      The Court award all other just and proper relief.

15   Dated: January 13, 2016                    SERENITY LEGAL SERVICES, P.C.

16

17                                              By:

18                                                  Arnold H. Wuhrman, Attorney for
                                                    Defendant

19

20

21

22

23

24

25

26

27

28
        *Answer and Affirmative Defense of Defendant Angela Coppola, Erroneously Sued as Angela*
        *Caserma*
                                    2

**EXHIBIT 7 -- PAGE 25**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE:

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action. My business address is 41667 Ivy Street, Suite F-6, Murrieta, California 92562.

On the date noted below, I served the foregoing document, described as **ANSWER AND AFFIRMATIVE DEFENSE OF DEFENDANT ANGELA COPPOLA, ERRONEOUSLY SUED AS ANGELA CASERMA** on the interested parties in this action as follows:

Mario Alvarado, Esq.
THE ALVARADO LAW FIRM
29970 Technology Drive, Suite 117F
Murrieta, CA 92563
**(Plaintiff's Counsel)**

[X]    **(BY MAIL)**   I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Murrieta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee:

[X]    **(State)**    I declare that under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **(Federal)**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Signed and served, this January 13, 2016.

Celina N. Chavez
Type or Print Name                                              Signature

**EXHIBIT 7 -- PAGE 26**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**41667 Ivy Street, Suite F-6
Murrieta, CA 92562.**

A true and correct copy of the foregoing document entitled (*specify*): _____
__**NOTICE OF REMOVAL OF STATE COURT LITIGATION TO UNITED STATES BANKRUPTCY COURT FOR THE**__
__**CENTRAL DISTRICT OF CALIFORNIA (28 U.S.C. §1452(a) AND F.R.BANKR.P. 9027)**_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____**01/13/2016**____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

**United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____**01/13/2016**____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

**Mario Alvarado
The Alvarado Law Firm
29970 Technology Drive, Suite 117F
Murrieta, CA 92563
(Attorney For Plaintiff -- Only party
appearing to date)**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____**01/13/2016**____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**Defendant-Debtor
(VIA E-MAIL -- ADDRESS PROTECTED
BY ATTORNEY-CLIENT PRIVILEGE)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| As to Mailing: 01/13/2016 | **Arnold H. Wuhrman** | */s/ Arnold H. Wuhrman* |
| As to E-Filing: 01/13/2016 | **Arnold H. Wuhrman** | */s/ Arnold H. Wuhrman* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**